IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER TROMELL HUGHES, JR., # JID-0002337,** | ) | |
| **Plaintiff,** | ) | **No. 3:25-cv-00587** |
| **v.** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Newbern** |
| **RUTHERFORD COUNTY DETENTION CENTER, *et al.*,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

This is a pro se prisoner case filed by Christopher Tromell Hughes, Jr., an inmate of the Rutherford County Detention Center in Murfreesboro, Tennessee. (Doc. No. 1).

Plaintiff has submitted an Application for Leave for Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 5). The court must resolve the filing fee before moving to the required screening of the prisoner complaint.

## I. FILING FEE

Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation (Doc. Nos. 2, 6), it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder

in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Rutherford County Detention Center to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the

custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## I. PLRA SCREENING OF THE COMPLAINT

The Complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 1915A.

28 U.S.C. § 1915A requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint or any portion of the complaint if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### A. Facts Alleged in the Complaint

The allegations of the Complaint are assumed true for purposes of the required PLRA screening.

Plaintiff was booked into the Rutherford County Detention Center on December 23, 2024. He was housed in the Outdoor Recreation Area, which Plaintiff believes is "illegal per TCI

standards." (Doc. No. 1 at 4). He was later moved to another area where there were three inmates per cell, which Plaintiff also believes is "illegal per TCI." (*Id.*)

On April 11, 2025, Corporal Doughty threatened to taze Plaintiff and other inmates, saying, "I am not a nigga. I am a cracker a fuckin cracker I am not like some of you people that do those things to get here like lie and steal." (*Id.*) Plaintiff is an African American.

From April 12 to April 15, 2025, there were no working showers and Plaintiff was unable to take a shower. Plaintiff believes this violates "TCI" and he "expect[s] to be compensated for that also." (*Id.*)

**B. Analysis**

The Complaint alleges that three incidents violated "TCI." Presumably, Plaintiff is referring to the Tennessee Corrections Institute, the policies of which dictate how local jails within the state must be operated and managed. However, alleged violations of prison or jail policies are not actionable under Section 1983. *See Rimmer-Bey v. Brown,* 62 F.3d 789, 790-91 (6th Cir. 1995) (stating that, after *Sandin v. Conner*, 515 U.S. 472, 484 (1995), it became clear that mandatory language in prison regulations does not create a liberty interest protected by the due process clause); *Upshaw v. Jones*, No. 14-2534-JDT-tmp, 2015 WL 348626, at *4 (W.D. Tenn. Jan. 26, 2015) (stating that "alleged violations of TDOC policy are not actionable under § 1983."). Consequently, the court finds that the complaint fails to state Section 1983 claims arising from any Defendant's failure to follow TCI or facility policies. *See also Storm v. Swiger*, No. 4:07 CV 2387, 2007 WL 3171491, at *3 (N.D. Ohio Oct. 29, 2007) (finding that the violation of a prison regulation is not actionable under Section 1983) (citing *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995)). These claims will be dismissed.

Plaintiff filed his Complaint on a form complaint provided by the court for actions brought under 42 U.S.C. § 1983. Thus, the court also will consider Plaintiff's allegations as additionally brought under that statute. Section 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

Plaintiff names two Defendants to this action: the Rutherford County Detention Center and Correctional Officer f/n/u "Doubghty."[1]

First, the Rutherford County Detention Center is not a "person" who can be sued under 42 U.S.C. § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing Section 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a Section 1983 claim upon which relief can be granted against the Rutherford County Detention Center.

Next, the Complaint names Defendant Doubghty in his official capacity only. When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Here, Doubghty is a Correctional Officer employed by the Rutherford

[1] The court uses the spelling provided by Plaintiff.

County Detention Center, which is operated by Rutherford County, Tennessee. A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision or custom promulgated by Rutherford County or its agent. *Monell Dep't of Social Svcs.,* 436 U.S. 658, 690-691 (1978). In short, for Rutherford County to be liable to Plaintiff under Section 1983, there must be a direct causal link between an official policy or custom and the alleged violation of Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir.2013) (citing *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 693 (1978)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, the allegations of the Complaint are insufficient to state a claim for municipal liability against Rutherford County under Section 1983. The Complaint does not identify or describe any of the county's policies, procedures, practices, or customs relating to the incidents at issue; the Complaint does not identify any particular shortcomings in training or supervision or how those shortcomings caused the alleged violations of Plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put Rutherford County on notice of a problem. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); *Hutchison v. Metro. Gov't of Nashville*, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); *Johnson v. Metro. Gov't of Nashville*, No. 3:10-cv-0589, 2010 WL 3619790, at *2-3 (M.D. Tenn. Sept. 13, 2010). Accordingly, the court finds that the Complaint does not contain sufficient allegations to

state a claim for municipal liability against Rutherford County. Plaintiff's Section 1983 claims against Corporal Doubghty therefore must be dismissed.

Even if Plaintiff had sued Corporal Doubghty in his individual capacity, his Section 1983 claims would still fail. Conditions of confinement claims "are highly fact-specific, but one guiding principle is that the length of exposure to the conditions is often paramount." *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017). For example, "[a] filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months." *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978). The Complaint fails to allege how long Plaintiff was housed in an "Outdoor Recreation Area" and in a cell with two other inmates and what the conditions of confinement were during those instances.

"Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id*. Allegations about temporary inconveniences do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *Dellis v. Corr. Corp. of Am*., 257 F.3d 508, 511 (6th Cir. 2001). In *Chandler v. Wells*, No. 1:18-cv-871, 2018 WL 447415, (W.D. Mich. Sept. 19, 2018), the court found that the prisoner-plaintiff's claim that a defendant had denied him one of his three weekly showers "falls far short of demonstrating an Eighth Amendment claim." *Id*. at *3. In *Richmond v. Settles*, 450 F. App'x 448 (6th Cir. 2011), the Sixth Circuit found that the denial of a shower for seven days does not violate the Eighth Amendment. *Id*. at 455. Likewise, Plaintiff here fails to state an Eighth Amendment claim based on missing a shower for one three-day period.

Finally, with respect to Plaintiff's allegations about Corporal Doubghty's language and threat to use a taser, verbal harassment and threats do not violate the Eighth Amendment. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that even harassment that constitutes "shameful and utterly unprofessional behavior" is insufficient to constitute cruel and unusual punishment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment"); *Vanzant v. McQuiggin*, No. 2:10-cv-261, 2011 WL 130333, at *5 (W.D. Mich. Jan. 14, 2011) ("Use of harassing or degrading language by a [jail] official, although unprofessional and deplorable, does not rise to constitutional dimensions."). Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Id*. Thus, Plaintiff's allegations of Doubghty's unprofessional language do not rise to a deprivation of constitutional dimensions. *See Ivey*, 832 F.2d at 954-55.

## II. CONCLUSION

Having conducted the screening of the Complaint required by the PRLA, the court finds that the prisoner Complaint is subject to dismissal under 28 U.S.C. 1915A for failure to state a claim upon which relief can be granted under Section 1983. Accordingly, this action is **DISMISSED**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge